IN THE  DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **NELLIE RUTH GUNN,** as Administratrix of the **Estate of Gregory Gunn,** deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:16-cv-00557-WKW |
| **CITY OF MONTGOMERY, ALABAMA;** et al. | ) ) ) ) | |
| Defendants. | ) | |

## ANSWER

*CAVEAT*

Defendant Aaron Cody Smith ("Smith") is a defendant in a criminal proceeding pending in State Court and is charged with the crime of Murder. As such, in responding to plaintiff's Complaint, Smith does not intend to waive his Fifth Amendment privilege under the United States Constitution against self-incrimination or any other privilege against self-incrimination. Accordingly, without waiving his privilege against self-incrimination, Smith gives answer as follows:

## I.  Introduction

Smith asserts his Fifth Amendment privilege against self-incrimination under the Constitution; and, asserts his right against self-incrimination pursuant to the Constitution of Alabama.

## II. Nature of Action, Jurisdiction, and Venue

1.      Smith asserts his Fifth Amendment right against self-incrimination under the

United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

2.     Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

3.     The statutory provisions cited by plaintiff speak for themselves. To the extent a response is required, Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

4.     On information and belief, Smith admits he, the City of Montgomery, and Chief Ernest N. Finley, Jr. reside in the Middle District of Alabama, Northern Division. Otherwise Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

5.     Smith lacks sufficient evidence upon which to respond to the allegations of this paragraph and therefore denies the allegations of paragraph 5.

### III. Parties

6.     Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

7.     Smith admits the allegations of paragraph 7.

8.     Smith admits he resides in the Middle District of Alabama and is over the age of 19; otherwise, Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the

Constitution of Alabama.

9.      On information and belief, Smith admits Defendant Ernest N. Finley, Jr. is over the age of 19 years; otherwise, Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

10.     Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

11. Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## IV. Facts

12-82. Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## V. Causes of Action

### COUNT I
### 42 U.S.C. §1983 – Fourth Amendment
### (Illegal stop, frisk, and use of force leading to death – Defendant Smith)

83-134. Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

### COUNT II
### 42 U.S.C. §1983 – Fourth Amendment
### (Use of excessive force leading to death – Defendant Smith)

135-176. Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## COUNT III
### 42 U.S.C. §1983 – Equal Protection – Fourteenth Amendment
### (Racial profiling and racially-motivated use of force – Defendant Smith)

177-192. Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## COUNT IV
### 42 U.S.C. §1983 – Supervisory and Municipal Liability - Fourth Amendment
### (Illegal stop, frisk, and use of force; use of excessive force – Policy, custom or Practice – Defendant Finley and City of Montgomery)

193-209. To the extent a response is required by Smith, Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## COUNT V
### 42 U.S.C. §1983 – Supervisory and Municipal Liability – Inadequate Training
### Fourth Amendment
### (Illegal stop, frisk, and use of force; use of excessive force –
### Practice – Defendant Finley and City of Montgomery)

210-230. To the extent a response is required by Smith, Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## COUNT VI
### Neglect, carelessness, or unskillfulness causing wrongful death – Alabama law
### (Illegal stop and use of force; use of excessive force - Practice – Defendant Smith)

231-242. Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the

Constitution of Alabama.

## COUNT VII
### Neglect, carelessness, or unskillfulness causing wrongful death – Alabama law
### (Inadequate policies and training authorizing unlawful investigative stops,
### frisks and use of force – Defendant Finley

243-261. To the extent a response is necessary, Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## COUNT VIII
### Vicarious/Respondeat Superior Liability – Wrongful death – Alabama law
### (Defendant City of Montgomery)

262-266. To the extent a response is necessary, Smith asserts his Fifth Amendment right against self-incrimination under the United States Constitution. Smith also asserts his right against self-incrimination provided by the Constitution of Alabama.

## RELIEF

Without waiving his Fifth Amendment privilege, Smith denies plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### *CAVEAT*

Smith is a defendant in a criminal proceeding pending in State Court and is charged with the crime of Murder. As such, by asserting the following affirmative defenses, Smith does not intend to waive his Fifth Amendment privilege under the United States Constitution against self-incrimination or any other privilege against self-incrimination. Smith, however, also intends to avoid any possible waiver of affirmative defenses. Accordingly, without waiving his privilege against self-incrimination:

1.      Smith pleads immunity.

2.      Smith pleads qualified immunity.

3.      Smith pleads immunity pursuant to §6-5-338, *Code of Alabama*, 1975.

4.      Smith pleads state actor immunity pursuant to *Ex parte Cranman*.

5.      Smith pleads self-defense.

6.      Smith pleads contributory negligence.

Defendant further reserves the right to amend his Answer and to assert additional affirmative defenses upon the conclusion, through trial and any appeal, of the criminal proceedings currently pending against him in State Court, wherein he is charged with the crime of murder, so as to preserve his privilege against self-incrimination under the United States Constitution, or any other privilege against self-incrimination.

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Attorney for Defendant Aaron Cody Smith

OF COUNSEL:
**Hill, Hill, Carter, Franco,**
     **Cole & Black, P.C.**
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
334-834-7600
rmorgan@hillhillcarter.com

I hereby certify that on this the 21st day of March, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Samuel Fisher
Sidney M. Jackson
**Wiggins, Childs, Pantazis, Fisher**
**& Goldfarb, LLC**
The Kress Building
301 19th Street N.
Birmingham, AL 35203
sf@wigginschilds.com
sjackson@wigginschilds.com

Tyrone C. Means
H. Lewis Gillis
**Means Gillis Law, LLC**
PO Box 5058
Montgomery, AL 36103-5058
tcmeans@meansgillislaw.com
hlgillis@meansgillislaw.com

Mark Englehart
**Englehart Law Offices**
9457 Alysbury Pl.
Montgomery, AL 36117-6005
jmenglehart@gmail.com

Tabor R. Novak, Jr.
Miland F. Simpler, III
**Ball, Ball, Matthews & Novak, P.A.**
PO Box 2148
Montgomery, AL 36102-2148
tnovak@ball-ball.com

/s/ *Randall Morgan*
OF COUNSEL